J-S53038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID SIMMONS | : | |
| | : | |
| Appellant | : | No. 2461 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004160-2017

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 14, 2019**

Appellant David Simmons appeals from the judgment of sentence imposed following the revocation of his probation. Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court set forth the relevant facts and procedural history as follows:

> Originally, [on September 11, 2017, Appellant] pled guilty to [carrying a firearm without a license and carrying firearms on a public street[1]] and on December 18, 2017, was sentenced to [six to twenty-three] months of incarceration followed by [three] years of probation. On February 20, 2018, Appellant was arrested for carrying a firearm again, which was a potential direct violation of his supervision. On July 18, 2018, [Appellant] pled guilty to carrying a firearm without a license. [That same day, Appellant] was sentenced to [a negotiated sentence of six to twenty-three] months of incarceration followed by [three] years of probation . . . to run totally concurrent to [his sentence for the violation]. For the violation of supervision, [the trial] court anticipatorily violated

---

[1] 18 Pa.C.S. §§ 6106 and 6108.

his probation and resentenced Appellant to a period of [two and a half to five years] of incarceration.

Trial Ct. Op., 3/25/19, at 1.

Appellant timely filed a post-sentence motion on July 26, 2018. Appellant argued that his "sentence was excessive in that it far surpassed what was required to protect the public and was well beyond [w]hat was necessary to foster [Appellant's] rehabilitation." Post-Sentence Mot., 7/26/18, at 2 (unpaginated). Further, he asserted that the trial court "failed to adequately examine and investigate [Appellant's] background, character, and rehabilitative needs." **Id.**

The trial court did not immediately rule on the post-sentence motion, and Appellant timely filed a notice of appeal on August 17, 2018.[2] On October 11, 2018, Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court subsequently filed a responsive Rule 1925(a) opinion, concluding that it imposed an appropriate and reasonable sentence.

Appellant now raises one question for this Court's review:

Was not the [trial] court's imposition of a two and one-half (2½) to five (5) year sentence of incarceration for a violation of probation an abuse of discretion where the [trial] court violated the requirements of 42 Pa.C.S. § 9721(b) of the sentencing code as the [trial] court failed to give individualized consideration to Appellant's personal history, rehabilitative needs or background,

_____

[2] Appellant's post-sentence motion was denied by operation of law on November 23, 2018.

and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of [Appellant]?

Appellant's Brief at 4.[3]

Appellant argues that the trial court focused "on the seriousness of the underlying crimes and violations rather than taking into consideration [A]ppellant's background." *Id.* at 14. He asserts that the two-and-a-half to five-year sentence does not address "societal safety concerns or [A]ppellant's rehabilitative needs" and is contrary to the fundamental norms underlying the sentencing process. *Id.* Appellant further contends that the trial court "failed to explain how as a matter of law the instant sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of [Appellant]." *Id.* at 14-15.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

_____

[3] We note that the Commonwealth filed a timely second application for an extension of time to file a brief on September 16, 2019. However, before this Court ruled on the application, the Commonwealth filed a brief. Therefore, we now grant the application, and note that we have considered the brief as part of our review.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

Here, Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included a concise statement of reasons relied upon for allowance of appeal in his brief. *See Corley*, 31 A.3d at 296. Additionally, the claim that the trial court failed to consider the required sentencing factors raises a substantial question. *See Derry*, 150 A.3d at 999 (holding that "the failure to consider Section 9721(b) factors does present a substantial question for our review of the discretionary aspects of sentences imposed for violations of probation"). Therefore, we will review Appellant's claim.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgments for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). "[T]his Court's scope of review in an appeal from a revocation

- 4 -

sentencing includes discretionary sentencing challenges." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

The statute governing the modification or revocation of probation provides:

**§ 9771.  Modification or revocation of order of probation**

\*     \*     \*

**(c) Limitation on sentence of total confinement.—**The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Further, this Court has held that the trial court must consider the sentencing factors contained in 42 Pa.C.S. § 9721(b). ***See Cartrette***, 83 A.3d at 1040-41; ***Derry***, 150 A.3d at 995.  Specifically, the trial court must follow the principles "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." ***See Derry***, 150 A.3d at 993 (quoting ***Cartrette***, 83 A.3d at 1040-41) (emphasis omitted); ***see also*** 42 Pa.C.S. § 9721(b).

When imposing a violation of probation (VOP) sentence, the trial court "need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014). As our Supreme Court explained:

> [S]ince the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [pre-sentence investigation report (PSI)] during the initial sentencing proceedings.

*Id.*

Where a PSI exists, we "presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007) (citation omitted). However, a PSI report is not required in all instances. *See Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 727-28 (Pa. Super. 2013) (holding that the revocation court possessed sufficient information to substitute for a PSI report where, among other things, the same judge presided at the probationer's original plea hearing, sentencing, and revocation proceeding, and the court possessed a summary of the probationer's underlying offense, criminal record, and violation history). "The essential inquiry is instead whether the sentencing court was 'apprised of

comprehensive information to make the punishment fit not only the crime but also the person who committed it.'" ***Commonwealth v. Finnecy***, 135 A.3d 1028, 1032 (Pa. Super. 2016) (citation omitted).

Here, at sentencing, the trial court heard statements from both Appellant and his grandmother. The trial court then explained to Appellant:

> You've got to make better decisions. You could have been [your grandmother's] caretaker, make some money, get a side -- you're smart. You're sharp. You've just got to make better decisions. You've got to be stronger. I don't believe you'll ever come back. As a matter of fact, the other break I'm going to give you . . . when they send me your parole papers, the first days it's on my desk that you're eligible for parole, I'm going to sign it and agree, and I'm going to give you the other case concurrent. But that's all the breaks you're going to get from me, [Appellant].

N.T. Sentencing Hr'g, 7/18/18, at 34-35.

In its Rule 1925(a) opinion, the trial court explained its sentencing decision as follows:

> [I]t is clear that [the trial] court did not commit an abuse of discretion because the sentence was not excessive and the [trial] court did consider Appellant's rehabilitative needs. First, the [trial] court had the benefit of a [PSI,] which was ordered for the case originally in 2017. In addition, the [trial] court was well aware of [Appellant], as he had been under the [trial] court's supervision for months. At the violation of probation hearing in 2018, the [trial] court inquired whether the parties wished to have an updated [PSI] order[ed], but that was waived.

> Furthermore, the [trial] court heard extensively at the sentencing hearing from [Appellant] and from [Appellant's] grandmother. After considering the testimony from the defense, the [trial] court sentenced [Appellant] to [thirty to sixty] months and to totally concurrent time on the direct violation. This was beyond fair in several respects. The sentencing guidelines on the new case alone, as stated at sentencing, was [eighteen to thirty] months, plus or minus [twelve] months. Of course, there was nothing

requiring [the trial] court to run the sentences on the direct violation and the underlying VOP concurrent, and [Appellant] could have received consecutive time. In addition, as pointed out by the [trial] court and acknowledged by [Appellant and trial counsel, Appellant] was told at his sentencing in 2017 that if he violated his supervision by unlawfully possessing another gun that he would get at least thirty to sixty months on the violation. For [Appellant] to acknowledge knowing that and engaging [in] the same exact criminal conduct is an aggravated circumstance and concerned [the trial court] very much. The sentence [the trial c]ourt imposed is particularly reasonable given the serious nature of the violation and is certainly not an abuse of discretion.

Trial Ct. Op. at 3-4.

Our review of the record confirms that the trial court adequately considered the Section 9721(b) factors in imposing its sentence. *See Derry*, 150 A.3d at 993. As the trial court noted, Appellant was on probation for a 2017 case when he appeared for the revocation hearing. Although Appellant waived his right to an updated PSI report, the trial court was familiar with Appellant's background and personal history. *See Finnecy*, 135 A.3d at 1032; *see also Carrillo-Diaz*, 64 A.3d at 727-28.

At sentencing, the trial court heard from both Appellant and his grandmother about Appellant's character and his efforts to change his behavior. *See* N.T. Sentencing Hr'g at 22-35, 20-24. The trial court considered Appellant's character and rehabilitative needs, but ultimately concluded that he was not amenable to county supervision. *Id.* at 22, 34, 27. Finally, because Appellant committed another firearms offense only months after he was placed on probation, the trial court found that incarceration was necessary to protect the public. *Id.* at 33.

Further, we expressly reject Appellant's claim that the trial court was required to explain its reasons for imposing a sentence that was not "the least stringent one adequate to protect the community and to serve the rehabilitative needs of [Appellant]." Appellant's Brief at 14-15. In **Walls**, our Supreme Court stated that "under the current Sentencing Code there is no requirement that a sentencing court's imposition of sentence must be the minimum possible confinement" consistent with the factors in Section 9721(b). **Walls**, 926 A.2d at 965. Accordingly, Appellant's argument is meritless.

Based on the foregoing, we conclude that the court did not abuse its discretion, and Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing. **See Raven**, 97 A.3d at 1253.

Judgment of sentence affirmed. Commonwealth's application for extension of time granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/19